1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANDRE POWE,                              No.  2:15-cv-02639 GEB GGH

12                 Petitioner,

13          v.                                FINDINGS AND RECOMMENDATION

14   MARTIN BITER, Warden,

15                 Respondent.

16

17        Petitioner, a state prisoner proceeding pro se and in forma pauperis, ECF No. 7, has filed a

18   petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  A motion to dismiss has been

19   filed by respondent based, *inter alia*, on the AEDPA statute of limitations.  For the reasons given

20   below, the motion should be granted and this case dismissed.

21                            *PROCEDURAL HISTORY*

22        Petitioner was convicted of second degree murder and possession of a weapon on

23   September 4, 2012, after a jury trial in Sacramento Superior Court.  ECF No. 1 at 1.  Sentencing

24   enhancements for possession and personal discharge of a weapon were also found to be true by

25   the jury.  Id.  On September 28, 2012, petitioner was sentenced to an indeterminate state prison

26   term of 43 years to life.  Id.  Petitioner filed an appeal through his counsel in which the only

27   ground for relief raised was failure to credit him with 974 days of presentence custody credit.

28

                                          1

Lodged document ["Lod. Doc] No. 2.[1]  On November 25, 2013 the California Court of Appeal issued its ruling granting the appeal and directing an amended abstract of judgment be prepared to reflect this modification of the sentence.  Lod. Doc. 2 at 3.  No petition for review in the California Supreme Court was filed, as petitioner had won his one and only issue at the first appellate level.

However, on October 29, 2014, nearly a year later, petitioner filed for habeas corpus in the California Supreme Court.  He raised as issues: Miranda violation; (2) ineffective assistance of appellate counsel in violation of the Fourteenth Amendment to the federal Constitution; (3) ineffective assistance of trial counsel; (4) insufficient evidence of guilt; and (5) failure of the jury to follow instructions.  Lod.Doc. 3 at 1-20.  None of these grounds were presented to the appellate court in petitioner's direct appeal.  On January 21, 2015, the state Supreme Court denied petitioner's writ in a two line opinion that identified four cases upon which it relied to support its denial.[2]  Lod. Doc. 4: People v. Duvall, 9 Cal.4th 464, 474 (1995), In re Dixon, 41 Cal.2d 756, 759 (1953); In re Swain, 34 Cal.2d 300, 304 (1949); and In re Lindley, 29 Cal.2d 709, 723 (1947).

The instant petition was filed in this court on December 21, 2016, ECF No. 1, eleven months after the Supreme Court's denial of relief.

## RESPONDENT'S ARGUMENTS

Respondent argues that the petition must be dismissed because petitioner failed to exhaust his state court remedies, and he is also barred by the statute of limitations on the filing of federal habeas petition.  28 U.S.C. § 2244(d).  Because the statute of limitations argument is dispositive of this case, applies whether or not the federal claims are exhausted, and is considered a ruling on

---

[1]  Respondent Lodged 5 documents each of which is a copy of a document filed in the California Third District Court of Appeal, Lod. Doc. Nos. 2, 5, the California Supreme Court, Lod. Doc. Nos. 3, 4.  These documents are all amenable to judicial notice on the court's own motion, F.R.E. 201(c)(1) so long as they can be "accurately and readily determined [to be] from sources whose accuracy cannot reasonably be questioned."  Documents from a court of record are such documents.

[2]  Although these grounds were raised in the state habeas petition they were not reached by the Supreme Court because of the procedural deficiencies in the petition evidenced by the case citations.

2

1   the merits, the undersigned does not reach the exhaustion motion, or related issue of whether this

2   petition should be stayed pending exhaustion.

3          *Statute of Limitations*

4          The Anti-Terrorism Effective Death Penalty Act ["AEDPA"] contains its own statute of

5   limitations in 28 U.S.C. § 2244(d)(1):  "A 1-year period of limitation shall apply to an application

6   for a writ of habeas corpus by a person in custody pursuant to the Judgment of a State Court.  The

7   limitation period shall run from the latest of – (A) the date on which the judgment became final

8   by the conclusion of direct review . . .", although "the time during which a properly filed

9   application for State post-conviction or other collateral review . . . is pending shall not be counted

10  toward any period of limitation."

11         When no petition for review is filed in the state supreme court,[3] the conviction for

12  AEDPA purposes is final 40 days from the entry of the appellate court decision.  See California

13  Rules of Court 8.366 and 8.500; see also Gaston v. Palmer, 417 F.3d 1030, 1033 (9th Cir. 2005);

14  McGraw v. Lizarraga, 2017 WL 469310 at *3 (E.D.Cal. 2/3/2017) *citing* Smith v. Duncan, 297

15  F.3d 809 (9th Cir. 2002) [abrogated on other grounds as recognized by Moreno v. Harrison, 245

16  Fed. Appx. 606 (9th Cir. 2007)].  Thus, petitioner's conviction was "final" on January 4, 2014.

17  The federal petition was due on January 5, 2015 unless there were a statutory basis for tolling the

18  statute.[4]

19         As set forth above, petitioner's next step after resolution of his direct appeal was his filing

20  a state habeas petition with the Supreme Court on October 29, 2014.  If "properly filed," the

21  AEDPA limitations period would be tolled during its pendency.  At that point of filing, he had

22  exhausted 297 days of his 365 statutory days of the limitations period;[5] only 69 days of his

23
24  [3]  Obviously, seeking certiorari would have been an idle act when petitioner got all the relief
    asked for from the California Appellate Court leaving no record issue to contest.

25  [4]  Petitioner argues that the correct date for initiation of the AEDPA limitations period is the date
    of the habeas petition ruling by the state supreme court.  No pertinent citation of authority is made

26  for this incorrect legal conclusion, and it is clearly incorrect.  Petitioner's error is discussed
    further below as a possible reason for equitable tolling.  Moreover, petitioner's contentions

27  regarding state remittitur law regarding the finality of a conviction are not only adequately shown
    legally incorrect by respondent, more importantly, they do not overrule Ninth Circuit precedent.

28  [5]  The time between finality of the direct appeal and the filing of a state habeas petition does not

1    statutory filing period remained.  Respondent correctly does not argue that the state habeas

2    petition was not "properly filed;"[6] the statute of limitations was tolled during the time of

3    pendency of the state habeas petition.

4         Those 69 days remaining began to expire anew on the day after petitioner's habeas was

5    resolved by the Supreme Court-- or on January 21, 2015. Lod. Doc. No. 4.  See Olivo v. Yates,

6    2008 WL 2489130 *1 (E.D. Cal. 2008).  The final date upon which petitioner could file his

7    federal habeas petition without being barred was 69 days later, or on April 3, 2015 at the latest, as

8    there is no tolling once the state supreme court resolved the habeas petition.  Porter v. Ollison,

9    620 F.3d 952, 958 (9th Cir. 2010).  The federal petition filed December 15, 2015 is clearly

10   untimely.  This petition is, therefore, barred by the AEDPA limitations statute unless petitioner

11   can demonstrate a basis for equitable tolling of the statute beyond that date.[7]

12       ***Equitable Tolling***

13       To benefit from the equitable tolling doctrine, the petitioner has the burden to show:

14       (1) that he has been pursuing his rights diligently and (2) that some extraordinary
15       circumstance stood in his way and prevented timely filing.  Holland v. Florida,
         560 U.S. 631, (2010).  Petitioner has the burden of showing facts entitling him to
16       equitable tolling.  Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v.
         Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  The threshold necessary to trigger
17       equitable tolling is very high, "lest the exceptions swallow the rule."  Waldron-
         Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009).  Equitable tolling may
18       be applied only where a petitioner shows that some external force caused the
         untimeliness.  Id.
19

20   _____

21   toll the statute, i.e. nothing is pending.  28 U.S.C. § 2244(d(2); see also Lawrence v. Florida, 549
     U.S. 327, 330 (2007); Nino v. Galaza, 183 F.3d 1003, 1005-1006 (9th Cir. 1999).

22   [6]  None of the citations given by the California Supreme Court have been found to make the state
     petition "not properly filed."  Curiel v. Miller, 830 F.3d 864, 869 (9th Cir. 2016) (Duvall); Cross
23   v. Sisto, 676 F.3d 1172, 1178 (9th Cir. 2012) (Swain); Stoot v. Gipson, 2014 WL 1364903 (C.D.
     Cal. 2014) (Lindley); Watson v. Sisto, 2016 WL 674783 (C.D. Cal. 2016) (Dixon).

24   [7]  The AEDPA statute provides different commencement dates other than the date of finality of
     conviction: when (1) an "impediment to filing an application [was] created by State action in
25   violation of the laws of the United States," 28 U.S.C. § 2244(d)(1)(B), (2)"the date on which the
     constitutional right asserted was initially recognized by the Supreme Court" and the new holding
26   was "made retroactively applicable to cases on collateral review,"  Id. at (d)(1)(C), or (3) the date
     on which the factual predicate of the claim or claims presented could have been discovered
27   through the exercise of due diligence."  Id. at (d)(1)(D).  However, petitioner does not argue, nor
     could he given the record, that any of these commencement dates apply to him.

28

                                                            4

1 | Hill v. Macomber, 2017 W.L. 495773 at *3 (E.D.Cal. 2017)

2 |       Firstly, petitioner was not diligent.  Petitioner was made aware of the "failure" of his

3 | appellate counsel to place the desired substantive issues in the appeal as early as May 30, 2013 –

4 | some eighteen months before he filed his state habeas petition[8]-- through a letter from appellate

5 | counsel that the only issue raised in his direct appeal was the failure to credit time served while

6 | awaiting trial, ECF No.12 at electronic page 19 ("The petitioner was notified in a letter from

7 | appellate counsel on May 13, 2013 that his AOB had been filed and what it consisted of.")

8 | Petitioner thereafter recounted the further discussion he had with appellate counsel regarding the

9 | "missing" issues. Id. at 19-20.  Petitioner has thus conceded his knowledge of the substantive

10 | issues he desired to bring long before the state petition was filed on October 29, *2014*.  Nothing

11 | precluded petitioner from filing a state petition in 2013, or in any event, preparing the petition so

12 | it could be filed the very day he learned his appeal had been decided (giving him the benefit of

13 | every doubt-- April 16, 2014).  Yet he waited even many months after that latest date (at least six

14 | months) to file with the state supreme court.

15 |       Moreover, at the other end of the time spectrum, petitioner waited nearly a year to file his

16 | federal petition after the state habeas was denied by the California Supreme Court.  This lack of

17 | expeditious filing of the federal petition makes no sense since it was essentially, substantively the

18 | same when compared to the state habeas petition he had filed on his own behalf.  Compare ECF

19 | No. 1 with Respondent's Lodged Document No. 3.  These inexplicable delays in both filing the

20 | state petition, and then the federal petition, prevent any potential finding of the diligence imposed

21 | on petitioners by AEDPA and federal decisions applying its principles.  See Pace v. DiGuglielmo,

22 | 544 U.S. 408, 418-19 (2005).

23 |       Even if the lack of diligence of petitioner's filings could be overlooked, petitioner's

24 | substantive arguments for invoking equitable tolling either miss the point or are based on a

25 | misconception of law.  He first argues that his appellate counsel was ineffective in not raising

26 | issues petitioner desired to raise.  However, the point for limitations purposes is not whether

27 |

28 | [8]  As noted earlier, the state habeas petition was filed November 6, 2014.  Lod. Doc. No. 4.

1   counsel was ineffective, or that the substantive issues were colorable, *but when did petitioner*

2   *know of the issues and know they were not included in the appeal.*[9]

3         Secondly, petitioner insists that under AEDPA, he had one year from the finality of the

4   *state habeas ruling* to file his federal petition.  This is, of course, a legal misconception as

5   § 2244(d)(1) is express that the AEDPA limitations period commences upon the *finality of the*

6   *conviction*, i.e., here 40 days after the appellate court decision on direct review became final.

7   Although the undersigned does not criticize petitioner at all for not knowing all the ins and outs of

8   AEDPA limitation law, mistakes of law by lay petitioners do not qualify as extraordinary reasons

9   to allow equitable tolling.  The courts have held time and again that the legal misconception of a

10   petitioner, which is viewed as simple negligence, does not form a basis for equitable tolling.

11   Unless the extraordinary is to be interpreted so as to include routine misperceptions, unknowing

12   mistakes, or even bad luck, equitable tolling cannot be found appropriate here. See, Rasberry v.

13   Garcia, 448 F.3d 1150, 1154 (9th Cir.2006) ("We now join our sister circuits and hold that a pro

14   se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance

15   warranting equitable tolling.").  Ignorance of the law does not constitute such extraordinary

16   circumstances.  See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986).

17   See also Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir.2006) ("Mistakes of law or ignorance of

18   proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine

19   of equitable tolling"); Williams v. Sims, 390 F.3d 958, 963 (7th Cir.2004) ("[E]ven reasonable

20   mistakes of law are not a basis for equitable tolling"); Turner v. Johnson, 177 F.3d 390, 392 (5th

21   Cir.1999) (prisoner's unfamiliarity of law did not toll statute); Eisermann v. Penarosa, 33

22   F.Supp.2d 1269, 1273 (D.Haw.1999) (lack of legal expertise not qualify prisoner for

23   equitable tolling); Henderson v. Johnson, 1 F.Supp.2d 650, 656 (N.D.Tex.1998) (same).  Even

24   where an attorney makes a mistake to the detriment of petitioner, such cannot be argued by

25   petitioner in federal habeas as a reason to apply equitable tolling.  Lawrence v. Florida, 549 U.S.

26   _____

27   [9]  While "not raising on direct appeal issues which should have been raised on direct appeal" would implicate procedural default (see In re Dixon citation of the state supreme court), and petitioner's more colorable argument for cause and prejudice as a reason not to apply that

28   doctrine, procedural default is not involved in the federal statute limitations question at issue here.

1  327, 336-337 (2007); <u>Randle v. Crawford</u>, 604 F.3d 1047,1057-1058 (9th Cir. 2009).

2  *CONCLUSION*

3  In light of the foregoing this court finds that the statute of limitation bars this petition and

4  it must, therefore, be dismissed with prejudice.  A certificate of appealability should be denied.

5  These findings and recommendations are submitted to the United States District Judge

6  assigned to this case, pursuant to the provisions of 28 U.S.C. 636(b)(1).  Within thirty (30) days

7  after service of this Order petitioner may file written objections.  Such a document should be

8  captioned Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is

9  advised that failure to file objections within the specified time may waive her right to appeal the

10  District Court's Order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11  Dated: February 20, 2017

12                                  <u>/s/ Gregory G. Hollows</u>
                                   UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28